# ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 SEP 26  AM 9 02

STEPHAN HARRIS, CLERK
CHEYENNE

## UNITED STATES DISTRICT COURT

### DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES,<br>KELLY JAMES<br><br>    PLAINTIFFS,<br><br>    vs.<br><br>QUANTUM FINANCIAL BUSINESS<br>SERVICES, LLC d/b/a QUANTUM<br>COLLECTION SERVICES, LLC d/b/a<br>CHECKRITE OF CORPUS CHRISTI<br><br>    DEFENDANTS. | Case Number:<br><br>13-CV-218-S<br><br><br><br>**Jury Trial Demanded** |

## COMPLAINT

Plaintiffs, GEORGE JAMES and KELLY JAMES (hereinafter "Plaintiffs"), on this 26th day of September, 2013, brings this action against Defendants Quantum Financial Business Services, LLC d/b/a Quantum Collection Services, LLC d/b/a Checkrite of Corpus Christi (hereinafter "QUANTUM"), on the grounds and in the amounts set forth herein.

## I.INTRODUCTION

1. This action arises out of the facts and circumstances surrounding the collection of an alleged consumer debt. Plaintiffs institute this action for statutory damages, actual damages, punitive damages, and the costs of this action, against the Defendant for multiple violations of

the Fair Debt Collection Practices Act (hereinafter "FDCPA") 15 U.S.C. §1692 *et seq.*, Texas

Debt Collection Practices Act, Chapter 392 ("TDCPA"), Tex. Fin.Code §§ 392.001-

.404, Wyoming Statutes § 40-12-101 *et seq.*, Wyoming Consumer Protection Act (hereinafter

"WCPA"), and § 33-11-101 *et seq.*, Wyoming Collection Agency Act (hereinafter "WCAA"),

invasion of privacy, defamation, libel, and intentional infliction of emotional distress.

## II. PARTIES

2. Plaintiffs are natural persons, residing in Cheyenne, Laramie County, Wyoming.

3. Plaintiffs are consumers as defined by the FDCPA and TDCPA.

4. Defendant QUANTUM is a Texas corporation with its principal place of business at 2820

South Padre Island Drive, Suite 205, Corpus Christi, Texas.

5. Defendant QUANTUM is a debt collector engaged in the collection of alleged consumer

debts using the telephone, the United States Postal Service, and all other means at its disposal.

6. Defendant QUANTUM regularly attempts to collect consumer debts alleged to be due to

another.

7. Defendant QUANTUM is operating as a "debt collector" and a "collection agency" in the

state of Wyoming, as Defendant QUANTUM uses and used the telephone and the United States

Postal Service and conducts the business of a collection agency in the state of Wyoming.

## III. JURISDICTION AND VENUE

8. Jurisdiction is conferred on this Court by the FDCPA, 15 U.S.C. § 1692k(d), 28 U.S.C. §

1331, and 28 U.S.C. § 1367. This honorable Court is a Court of competent jurisdiction which has

original jurisdiction over Plaintiffs federal claims and is authorized by the FDCPA to hear and

adjudicate Plaintiffs claims against Defendant QUANTUM.

9. As Plaintiffs state claims are related to Plaintiffs federal claims, are inextricably entwined and arise out of a common nucleus of related facts, this Court has supplemental jurisdiction to hear Plaintiffs state claims against Defendant QUANTUM.

10. Plaintiffs state claims are related to Plaintiffs federal claims as those claims form part of the same case of controversy under Article III of the United States Constitution.

11. Plaintiffs state claims are not complex or novel and are straightforward.

12. Venue is proper as all alleged conduct by Defendant QUANTUM took place in Cheyenne, Wyoming, while the Plaintiffs were residing in Cheyenne, Wyoming, and/or the Defendants have availed themselves of jurisdiction in this venue by conducting business therein.

## IV. STATUTORY STRUCTURE FDCPA

13. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (12).

14. The FDCPA is a strict liability statute and no section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. The FDCPA protects all consumers, from the gullible to the shrewd.

15. The existence or validity of the underlying debt is not material in a FDCPA action.

16. Under the FDCPA, whether conduct or action violates the FDCPA is to be determined by analyzing the conduct or action from the perspective of the least sophisticated consumer.

17. Under the FDCPA, there is no requirement that any intent to deceive be established when evaluating if certain conduct or actions violated or violates the FDCPA.

18. Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to

pay any debt. *See 15 U.S.C. § 1692a(3).*

19. Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. *See 15 U.S.C. § 1692a(5).*

20. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. *See 15 U.S.C. § 1692a(6).*

21. Under the FDCPA, a debt collector may not communicate with third parties in connection with the collection of any debt without the prior consent of the consumer. *See 15 U.S.C. § 1692c(b).*

22. Under the FDCPA, for the purposes of 1692c, the term "consumer" includes the consumer's spouse. *See 15 U.S.C. § 1692c(d)*

23. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. *See 15 U.S.C. § 1692d.*

24. Under the FDCPA, a debt collector may not use obscene or profane language or language the natural consequence of which is to abuse the reader. *See 15 U.S.C. § 1692d(2).*

25. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. *See 15 U.S.C. § 1692e.*

26. Under the FDCPA, a debt collector may not misrepresent or imply that nonpayment of the debt will result in the arrest or imprisonment of any person. *See 15 U.S.C. § 1692e(4).*

27. Under the FDCPA, a debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken. *See 15 U.S.C. § 1692e(5).*

*28.* Under the FDCPA, a debt collector may not falsely state that the consumer's account will be referred back to the original creditor, who would take action the FDCPA prohibits the debt collector to take. *See 15 U.S.C. § 1692e(6).*

*29.* Under the FDCPA, a debt collector may not misrepresent or imply that that the consumer committed any crime or other conduct in order to disgrace the consumer. *See 15 U.S.C. § 1692e(7).*

30. Under the FDCPA, a debt collector may not use of any false representation or deceptive means to collect or attempt to collect any debt. *See 15 U.S.C. § 1692e(10).*

31. Under the FDCPA, a debt collector must disclose that the communication is from a debt collector. *See 15 U.S.C. § 1692e(11).*

32. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. *See 15 U.S.C. § 1692f.*

33. Under the FDCPA, there is not a "requirement" "right" or "entitlement" for a debt collector to communicate with consumers, validate debt, report information to a credit bureau, violate one section of the FDCPA in an attempt to comply with another section of the FDCPA, or conduct any type of debt collection activity what-so-ever. The FDCPA "allows" such conduct, other than violating one section of the FDCPA to comply with another section of the FDCPA, if

such conduct can be done while staying in strict compliance with the FDCPA, but does not grant any such "right" or "entitlement."

34. Under the FDCPA, if the offending conduct is not unreasonable is not a defense.

35. Under the FDCPA, no section of the FDCPA purports to protect only deserving debtors, the FDCPA protects all consumers equally, from the gullible to the shrewd.

36. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees as determined by the Court and costs of this action. *See 15 U.S.C. § 1692k.*

## V. STATUTORY STRUCTURE TDCPA

37. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (36).

38. The Texas Debt Collection Practices Act Chapter 392, Tex. Fin.Code §§ 392.001-.404 ("TDCPA") which as the name implies is a Texas law. The TDCPA is a state analog of the FDCPA and amongst other prohibitions, prohibits a debt collector from using threats or coercion, harassment or abuse, unfair or unconscionable, fraudulent, deceptive, or misleading representations while collecting a debt from a consumer.

39. Under the TDCPA, a debt collector may not accuse or threaten to accuse falsely a person of fraud or any other crime. *See Tex. Fin. Code § 392.301(2).*

40. Under the TDCPA, a debt collector may not threaten to sell or assign to another the obligation of the consumer and falsely representing that the result of the sale or assignment would be that the consumer would lose a defense to the consumer debt or would be subject to illegal collection attempts. *See Tex. Fin. Code § 392.301(4).*

41. Under the TDCPA, a debt collector may not threaten to file a charge, complaint, or criminal action against a debtor when the debtor has not violated a criminal law. *See Tex. Fin. Code § 392.301(6)*.

42. Under the TDCPS, a debt collector may not threaten to take an action prohibited by law. *See Tex. Fin. Code § 392.301(8)*.

43. Under the TDCPA, a debt collector may not use language intended to abuse unreasonably the hearer or reader. *See Tex. Fin. Code § 392.302(1)*.

44. Under the TDCPA, a debt collector must disclose that the communication is from a debt collector. *See Tex. Fin. Code § 392.304(5)(B)*.

45. Under the TDCPA, a debt collector may not misrepresent the character, extent, or amount of a consumer debt, or misrepresent the consumers debt's status in a judicial or governmental proceeding. *See Tex. Fin. Code § 392.304(8)*.

46. Under the TDCPA, a debt collector may not use any false representation or deceptive means to collect a debt or obtain information concerning a consumer. *See Tex. Fin. Code § 392.304(19)*.

47. Any debt collector who fails to comply with the provisions of the TDCPA is liable for any actual damages sustained; statutory damages not less than $100 for each violation; attorneys' fees as determined by the Court and costs of this action. *See Tex. Fin. Code § 392.403*.

## VI. STATUTORY STRUCTURE WCPA

48. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (47).

49. Under the WCPA, it is unlawful to engage in unfair or deceptive acts or practices. *See*

*Wyoming Statutes § 40-12-105.*

50. Under the WCPA, a person engages in a deceptive trade practice unlawful under this act when, in the course of his business and in connection with a consumer transaction, he knowingly engages in unfair or deceptive acts or practices. *See Wyoming Statutes § 40-12-105(a)(xv).*

51. Under the WCPA, a person relying upon an uncured unlawful deceptive trade practice may bring an action under this act for actual damages. *See Wyoming Statutes § 40-12-108.*

52. A violation of the WCPA is a per se violation of the FDCPA.

## VII. STATUTORY STRUCTURE OF THE WCAA

53. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (52).

54. Under the WCAA, no person shall conduct a collection agency or act as a debt collector or solicitor within this state without first having obtained a license as provided in the act. *See Wyoming Statutes § 33-11-101 et. seq.*

55. Chapter 4, Section 6 of the Rules & Regulations of the Collection Agency Board creates a state cause of action and private right of action for damages for conduct that violates the provisions of the "Fair Debt Collection Practices Act (FDCPA) as issued and amended as of October 13, 2006, and contained in Title I of the Consumer Credit Protection Act (15 U.S.C. 1601 et seq.)."

## VIII. FACTS COMMON TO ALL COUNTS

56. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (55).

57. On July 29, 2013, Plaintiffs sent an intent to sue letter to QUANTUM alleging violations of the FDCPA, Wyoming statutes, and common law torts.

58. On or about August 1, 2013 QUANTUM mailed or caused to be mailed, under the direct authority and supervision of QUANTUM, voluntarily, a written communication to Plaintiffs alleging Plaintiffs offered no explanation as to why Plaintiffs refused to satisfy the alleged debt, Plaintiffs had no intent of satisfying the alleged debt, QUANTUM would remove Plaintiffs from their system, and notify the legal department of the original creditor "...to proceed against [Plaintiffs] as they see fit to do so." (*See Exhibit 1 attached hereto and incorporated by reference*).

59. On August 6, 2013, and in response to QUANTUM's written communication on or about August 1, 2013, Plaintiffs filed suit in the United States District Court of Wyoming. On August 20, 2013, QUANTUM filed under the direct authority and supervision of Michael McClain, voluntarily, a pro se non attorney Answer to Plaintiffs Complaint, signed by Mike McClain. (*See Exhibit 2 attached hereto and incorporated by reference*).

60. QUANTUM's  Answer admits that QUANTUM is a collection agency.

61. QUANTUM's Answer states "The plaintiffs George James and Kelly James were committing Fraud by Check" (internal quotes omitted).

62. QUANTUM's Answer states "It is obvious the plaintiffs were committing fraud by check..." (internal quotes omitted).

63. QUANTUM's Answer states "The civil action filed by the plaintiffs is a blatant attempt to extort money from a collection agency" (internal quotes omitted).

64. QUANTUM's Answer states "...that Quantum would notify Natural Grocers of the position of the plaintiffs and suggest the legal department of Natural Grocers proceed

accordingly."

65. QUANTUM's Answer states "If the plaintiffs chose to further pursue this frivolous legal action, Quantum…will indeed proceed with full enforcement as permitted by law of the Wyoming Dishonored Check Law."

66. QUANTUM's Answer states "Legal copies of the ( 6 ) subject checks will be forwarded to The Office of the District Attorney…"

67. QUANTUM's Answer states "…Checkrite of Corpus Christi, John and/or Jane Does 1-10…"

68. On September 5, 2013, Plaintiffs filed a motion to strike the pleadings of and enter a default judgment against QUANTUM.

69. On or about September 13, 2013, QUANTUM mailed or caused to be mailed, under the direct authority and supervision of Michael McClain, voluntarily, a written communication to Plaintiffs, signed by Mike McClain. (*See Exhibit 3 attached hereto and incorporated by reference*).

70. QUANTUM's letter states "THIS IS NOT AN ATTEMPT TO COLLECT A DEBT"

71. QUANTUM's letter goes on to state "Quantum… is not required to retain Counsel for the purposes of filing an answer…"

72. QUANTUM's letter states "Should [Plaintiffs] wish to proceed with [Plaintiffs] lawsuit, upon notification of a court date I will forward original legal copies of ( 6 ) subject checks to: Office of the District Attorney…"

73. QUANTUM's letter states "I have spoken to Dean Jackson and he has confirmed your

actions are considered a Felony in the State of Wyoming. Mr. Jackson further stated, upon receipt, quote "I will get right on it."

74. On or about September 13, 2013, QUANTUM filed under the direct authority and supervision of Michael McClain, voluntarily, a pro se non attorney response to Plaintiffs motion, signed by Mike McClain. (*See Exhibit 4 attached hereto and incorporated by reference*).

75. QUANTUM's motion states that Mr. McClain has spoken with "Cheyenne local counsel" who "assured [him] that as an LLC [he] may in fact file an answer pro se."

76. On September 19, 2013, Honorable Alan B. Johnson United States District Judge, ordered QUANTUM to retain counsel authorized to practice before the Court in order to proceed in the litigation. (*See Exhibit 5 attached hereto and incorporated by reference*).

## IX. COUNT 1 FDCPA VIOLATIONS

77. Plaintiffs incorporate by reference and re-allege paragraphs (1) through (76). The Defendants violations of the FDCPA include but are not limited to the following:

78. Defendant QUANTUM, on or about the dates of August 1, 2013, August 20, 2013, September 5, 2013, and September 13, 2013 violated the FDCPA, by representing themselves to Plaintiffs as collection agency authorized to conduct the business of a collection agency in the state of Wyoming. However, Defendant QUANTUM was not licensed to conduct the business of a collection agency in the state of Wyoming during their communications with Plaintiffs. As such it is a violation of 15 U.S.C. § 1692e(10), and 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

79. Defendant QUANTUM, on or about August 1, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that states that the legal department of a third party would proceed against Plaintiffs. QUANTUM may not threaten a third party will take any action. QUANTUM may not falsely state that the consumer's account will be referred back to the original creditor, who would take action the FDCPA prohibits QUANTUM to take. QUANTUM's statement that legal action has been recommended is a representation that legal action may be taken, since such a recommendation implies that the creditor will act on it. This statement is also a threat intended to make Plaintiffs feel that criminal action is imminent. QUANTUM is just speculating without a way for them to know how the original creditor will proceed. QUANTUM's speculations are threats against the Plaintiffs. As such it is a violation of 15 U.S.C. §1692e(5), 1692e(6), and 1692e(10). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

80. Defendant QUANTUM, on or about August 1, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that lacks the disclosure that the communication is from a debt collector. As such it is a violation of 15 U.S.C. § 1692e(11). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

81. Defendant QUANTUM, on or about August 1, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that states a reason was needed for

Plaintiffs refusal to pay. No section of the FDCPA requires a reason to refuse to pay, and QUANTUM's demand that Plaintiffs provide a reason not only violates 1692c(c) that dictates QUANTUM can no longer communicate with Plaintiffs upon a lawful cease and desist order except for one of the three strictly defined reasons, it also a material misrepresentation of the requirements under the FDCPA, and also is a false and misleading statement. Misinterpretations of the FDCPA's requirements by QUANTUM violate the FDCPA. As such it is a violation of 15 U.S.C. § 1692c(c), 1692e(8), and 1692e(10). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

82. Defendant QUANTUM, on or about August 20, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that accuse Plaintiffs committed felony "fraud by check." Plaintiffs have not committed any criminal offense. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e, 1692e(7), 1692e(8), 1692e(10), and 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

83. Defendant QUANTUM, on or about August 20, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that accuse Plaintiffs committed felony "fraud." Plaintiffs have not committed any criminal offense. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e, 1692e(7), 1692e(8), 1692e(10), and 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages,

statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

84. Defendant QUANTUM, on or about August 20, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiffs that accuse the Plaintiffs of felony "extortion." Plaintiffs have not committed any criminal offense. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e, 1692e(7), 1692e(8), 1692e(10), and 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

85. Defendant QUANTUM, on or about August 20, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiffs that threatens legal action by QUANTUM against Plaintiffs. QUANTUM may not state that they will take any action unless they intend to take the action. QUANTUM is unable to take the action because the creditor has not authorized QUANTUM to do so. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

86. Defendant QUANTUM, on or about August 20, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiffs that threatens criminal action against the Plaintiffs when the Plaintiffs have not violated any criminal law. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e(2), 1692e(4), 1692e(5), 1692e7, 1692e(8), 1692e(10), 1692f. As

a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

87. Defendant QUANTUM, on or about August 20, 2013, violated the FDCPA, by engaging in unauthorized practice of law by filing a pro se non attorney answer, which Mr. McClain cannot do on behalf of a corporation or John and/or Jane Does 1-10. As such it is a violation of 15 U.S.C. §1692d, 1692e, and 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

88. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that states "THIS IS NOT AN ATTEMPT TO COLLECT A DEBT" which is a false and deceptive statement. While intent is not required for a violation, it is obvious QUANTUM knew the law and not only did QUANTUM not follow the law, they made a mockery of it by putting NOT an attempt to collect a debt. As such it is a violation of 15 U.S.C. § 1692e, 1692e(10), and 1692e(11). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

89. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that states QUANTUM is not required to retain counsel to file an Answer in the United States District Court of Wyoming. As

such it is a violation of 15 U.S.C. § 1692e, and 1692e(5). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

90. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that threaten criminal action against the Plaintiffs when the Plaintiffs have not violated any criminal law. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e(2), 1692e(4), 1692e(5), 1692e7, 1692e(8), 1692e(10), 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

91. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiffs that admits communicating with a third party in connection with the collection of a debt. As such it is a violation of 15 U.S.C. § 1692c(b), 1692d, 1692e, 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

92. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that states a third party, the district attorney, will take action against the Plaintiffs. QUANTUM may not state a third party will take any action. QUANTUM is just speculating without a way for them to know. QUANTUM's speculations are threats against the Plaintiffs. The Plaintiffs have not violated any

criminal law. As such it is a violation of 15 U.S.C. §1692e(5), 1692e(6), and 1692e(10). As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

93. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by mailing or causing to be mailed a written communication to Plaintiffs that threatens criminal action against the Plaintiffs when the Plaintiffs have not violated any criminal law. As such it is a violation of 15 U.S.C. § 1692d, 1692d(2), 1692e(2), 1692e(4), 1692e(5), 1692e7, 1692e(8), 1692e(10), 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

94. Defendant QUANTUM, on or about September 13, 2013, violated the FDCPA, by engaging in unauthorized practice of law by filing a pro se non attorney response to Plaintiffs motion to strike. As such it is a violation of 15 U.S.C. §1692d, 1692e, and 1692f. As a result of Defendant QUANTUM's violation of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, reasonable attorney's fees, and costs pursuant to 15 U.S.C. § 1692k.

## X. COUNT 2 VIOLATIONS OF THE TDCPA

Plaintiffs incorporate by reference and re-allege paragraphs (1) through (94). The Defendant's violations of the TDCPA include but are not limited to the following:

95. Defendant QUANTUM, on or about August 1, 2013, violated the TDCPA by mailing or

causing to be mailed a written communication to the Plaintiffs that threaten to assign Plaintiffs

alleged debt back to the original creditor. QUANTUM may not falsely state that the consumer's

account will be referred back to the original creditor, who would take action the TDCPA prohibits

QUANTUM to take. As such it is a violation of Tex. Fin. Code § 392.301(4). As a result of

Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages,

statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant

to § 392.403.

96. Defendant QUANTUM, on or about August 1, 2013, violated the TDCPA by mailing or

causing to be mailed a written communication to the Plaintiffs that fails to disclose that the

communication is from a debt collector. As such it is a violation of Tex. Fin. Code §

392.304(5)(B). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are

entitled to actual damages, statutory damages in an amount no less than $100, reasonable

attorney's fees, and costs pursuant to § 392.403.

97. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or

causing to be mailed a written communication to the Plaintiffs that accuse Plaintiffs of felony

"fraud by check." Plaintiffs have not committed any criminal offense. As such it is a violation of

Tex. Fin. Code § 392.301(2). As a result of Defendant QUANTUM's violation of the TDCPA,

Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100,

reasonable attorney's fees, and costs pursuant to § 392.403.

98. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or

causing to be mailed a written communication to the Plaintiffs that accuse Plaintiffs of felony

"fraud." Plaintiffs have not committed any criminal offense. As such it is a violation of Tex. Fin. Code § 392.301(2). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

99. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that accuse Plaintiffs of felony "extortion." Plaintiffs have not committed any criminal offense. As such it is a violation of Tex. Fin. Code § 392.301(2). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

100. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that threaten to assign Plaintiffs alleged debt back to the original creditor. QUANTUM may not falsely state that the consumer's account will be referred back to the original creditor, who would take action the TDCPA prohibits QUANTUM to take. QUANTUM is just speculating without a way for them to know how the original creditor will proceed. QUANTUM's speculations are threats against the Plaintiffs. As such it is a violation of Tex. Fin. Code § 392.301(4). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

101. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that threaten criminal action

against the Plaintiffs when the Plaintiffs have not violated any criminal law. As such it is a violation of Tex. Fin. Code § 392.301(6). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

102. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that threaten QUANTUM on behalf of the original creditor will enforce the "Wyoming dishonored check law." QUANTUM is just speculating without a way for them to know how the original creditor will proceed. QUANTUM's speculations are threats against the Plaintiffs. As such it is a violation of Tex. Fin. Code § 392.301(8). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

103. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that uses language intended to abuse the Plaintiffs by accusing Plaintiffs of criminal activity and threatening criminal legal action. As such it is a violation of Tex. Fin. Code § 392.302(1). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

104. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that misrepresent the character of a

consumer debt status in a judicial proceeding by accusing Plaintiffs of felony offenses. Plaintiffs

have not committed any criminal offense. As such it is a violation of Tex. Fin. Code § 392.304(8).

As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual

damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs

pursuant to § 392.403.

105. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA by mailing or

causing to be mailed a written communication to the Plaintiffs that use false and deceptive means

to collect a debt by using threats and accusations of criminal activity. As such it is a violation of

Tex. Fin. Code § 392.304(19). As a result of Defendant QUANTUM's violation of the TDCPA,

Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100,

reasonable attorney's fees, and costs pursuant to § 392.403.

106. Defendant QUANTUM, on or about August 20, 2013, violated the TDCPA, by engaging

in unauthorized practice of law by filing a pro se non attorney answer, which Mr. McClain cannot

do on behalf of a corporation or John and/or Jane Does 1-10. As such it is a violation of Tex. Fin.

Code § 392.301(8), and 392.304(19). As a result of Defendant QUANTUM's violation of the

TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than

$200, reasonable attorney's fees, and costs pursuant to § 392.403.

107. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA by

mailing or causing to be mailed a written communication to the Plaintiffs that accuse Plaintiffs of

felony "fraud." Plaintiffs have not committed any criminal offense. As such it is a violation of

Tex. Fin. Code § 392.301(2). As a result of Defendant QUANTUM's violation of the TDCPA,

Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

108. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that threaten criminal action against the Plaintiffs when the Plaintiffs have not violated any criminal law. As such it is a violation of Tex. Fin. Code § 392.301(6). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

109. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that threatens action by a third party, the district attorney, against the Plaintiffs. QUANTUM is just speculating without a way for them to know. QUANTUM's speculations are threats against the Plaintiffs. As such it is a violation of Tex. Fin. Code § 392.301(8). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

110. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that used language intended to abuse the Plaintiffs by accusing Plaintiffs of criminal activity and threatening criminal legal action. As such it is a violation of Tex. Fin. Code § 392.302(1). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to §

392.403.

111. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that lacks the disclosure the communication is from a debt collector. QUANTUM's written communication states "THIS IS NOT AN ATTEMPT TO COLLECT A DEBT" which is a false and deceptive statement. It is obvious QUANTUM knew the law and not only did QUANTUM not follow the law, they made a mockery of it by putting NOT an attempt to collect a debt. As such it is a violation of Tex. Fin. Code § 392.304(5)(B). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

112. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA by mailing or causing to be mailed a written communication to the Plaintiffs that uses false and deceptive means to collect a debt by threatening and accusing Plaintiffs of criminal activity. As such it is a violation of Tex. Fin. Code § 392.304(19). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $100, reasonable attorney's fees, and costs pursuant to § 392.403.

113. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA, by mailing or causing to be mailed a written communication to the Plaintiffs that states Mr. McClain has spoken with "Cheyenne local counsel" who "assured [him] that as an LLC [he] may in fact file an answer pro se." As such it is a violation of Tex. Fin. Code § 392.301(8), and 392.304(19). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual

damages, statutory damages in an amount no less than $200, reasonable attorney's fees, and costs pursuant to § 392.403.

114. Defendant QUANTUM, on or about September 13, 2013, violated the TDCPA, by engaging in unauthorized practice of law by filing a pro se non attorney response to Plaintiffs motion to strike, which Mr. McClain cannot do on behalf of a corporation. As such it is a violation of Tex. Fin. Code § 392.301(8), and 392.304(19). As a result of Defendant QUANTUM's violation of the TDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount no less than $200, reasonable attorney's fees, and costs pursuant to § 392.403.

## XI. COUNT 3 VIOLATIONS OF WCPA

Plaintiffs incorporate by reference and re-allege paragraphs (1) through (114). The Defendants violations of the WCPA include but are not limited to the following:

115. Defendant QUANTUM's communication with the Plaintiffs, on or about August 1, 2013, August 20, 2013, and September 13, 2013 was made while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

116. Plaintiffs September 5, 2013 letter gave QUANTUM the statutorily required notice in writing to cure the unlawful deceptive trade practices.

117. Defendant QUANTUM recklessly and willfully chose to continue to demand payment for alleged debts and threaten Plaintiffs while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

118.  Defendant QUANTUM knew or should have known that they were required to be

licensed by the state of Wyoming to conduct the business of a collection agency in the state of Wyoming. As a result of Defendant QUANTUM's violation of the WCPA, Plaintiffs are entitled to actual damages pursuant to Wyoming Statutes § 40-12-108.

## XII. COUNT 4 VIOLATIONS OF THE WCAA

Plaintiffs incorporate by reference and re-allege paragraphs (1) through (118). The Defendants violations of the WCAA include but are not limited to the following:

119. Defendant QUANTUM's communication with the Plaintiffs, on or about August 1, 2013, August 20, 2013, and September 13, 2013, was made while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

120. Defendant QUANTUM recklessly and willfully chose to continue to demand payment for alleged debts and threaten Plaintiffs while illegally conducting the business of a collection agency and a debt collector in the state of Wyoming.

121. Defendant QUANTUM violated Chapter 4 Section 6 of the Collection Agency Board Rules and Regulations as detailed in Count 1 FDCPA Violations.

## XIII. COUNT 5 TORTS VIOLATIONS

Plaintiffs incorporate by reference and re-allege paragraphs (1) through (121). Defendant QUANTUM engaged in extreme, outrageous, and unreasonable acts with respect to Plaintiffs with a willful intent to harass and injure them, and invade their privacy.

122. As indicated above, Defendants violated the FDCPA, TDCPA, WCPA, and WCAA. Thus, Plaintiff violated a statutory duty that gives rise to a tort (tort-in-se).

123. Defendant QUANTUM's violation of a statutory duty led to Plaintiffs being injured.

124. A violation of a statutory duty to another may be a tort, and a violation of a statute embodying a public policy is generally actionable even though no specific civil remedy is provided in the statute itself.

125. Defendant QUANTUM intended to harass and cause Plaintiffs to suffer emotional distress, and/or negligently engaged in outrageous conduct with reckless disregard of the probability of negligently causing Plaintiffs to suffer emotional distress, and invasion of privacy.

126. Defendant QUANTUM willfully invaded the privacy of Plaintiffs by sending letters that violated federal and state statutes.

127. Defendant QUANTUM being the superior party has engaged in grievous and perfidious misconduct.

128. Defendant QUANTUM knowingly, willfully, deliberately, and repeatedly defamed Plaintiffs by publishing libelous statements in letters and court pleadings that accused Plaintiffs of violating criminal laws, specifically, fraud and extortion, when Plaintiffs have not committed any offense.

129. As a direct and proximate result of Defendant QUANTUM's outrageous conduct, Plaintiffs suffered emotional distress and invasion of privacy.

## XIV. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs, George James and Kelly James, respectfully requests this honorable Court find in their favor and enter judgment against the Defendant for the following:

a. Statutory damages of $2,000 pursuant to FDCPA 15 U.S.C. § 1692k;

b. Damages of $2,000 pursuant to Chapter 4 Section 6 of the Rules and Regulations of the Collection Agency Board;

c. Actual damages of no less than $20,000, and up to an amount proven at trial, pursuant to

d. FDCPA 15 U.S.C. § 1692k for emotional distress and invasion of privacy;

e. Statutory damages of not less than $2,400 pursuant to TDCPA § 392.403;

f. Damages of $20,000 for defamation by publishing libel;

g. Other punitive damages in an amount to be determined by the jury;

h. Court costs, service costs, and reasonable attorneys fees;

i. Such other and further relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs, George James and Kelly James, hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

Date: September 26, 2013

Kelly James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
kj_james71@yahoo.com
307-635-3119

George James
3422 Cribbon Avenue
Cheyenne, Wyoming 82001
gjames1@gmail.com
307-635-3119