# Quantum
## Collection Services

August 1st, 2013

George & Kelly James
▇▇▇▇▇▇▇▇▇▇▇▇
Cheyenne, Wyoming 82001

**Subject: Notice of Intent to File Lawsuit**

George and Kelly,

You previously stated that you refused to pay subject NSF checks payable to Natural Grocers / Vitamin Cottage, further stating you know nothing about them.

You offered no explanation either in writing or by telephone as to why you felt you were not responsible for the returned check.

Unless some type of fraud is involved such as stolen checks, the makers of a check are responsible for payment on an NSF check.

We mailed you copies of the checks clearly listing both George R. James and Kelly J James as the maker of the checks, you both are referenced as account holders.

Since Kelly James signed the checks, we removed George from collections and reassigned the debts to Kelly James and mailed you notices to the attention of Kelly James to your current address.

Furthermore, since it is clear neither of you have any intent of satisfying the debt we are going to remove each of you from our system and notify the legal department of Natural Grocers / Vitamin Cottage to proceed against you as they see fit to do so.

Thank You !

*[signature]*

Mike McClain
Manager of Collections

# EXHIBIT 1

Tel. 361-993-9370 / Toll Free. 800-840-3725
2820 S. Padre Island Drive, Suite 205
Corpus Christi, Texas 78415

# United States District Court
## District of Wyoming

George James,
Kelly James

*Plaintiff(s)*

                                                                                 Civil Action: 13CV165-J

V.

Quantum Financial Business Services, LLC
d/b/a/ Quantum Collection Services, LLC
d/b/a/ Checkrite of Corpus Christi;
and/or Joan Does 1 through 10

*Defendant(s)*

### DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES, Defendant(s)** Quantum Financial Business Services, LLC d/b/a Quantum Collection Services, LLC d/b/a Checkrite of Corpus Christi, John and/or Jane Does 1 through 10 as employees of Quantum conglomerate on 15th day of August, 2013 and files their answer to Plaintiff's Complaint.

### FACTS

Quantum Financial Business Services is a collection agency in the business of recovery of returned check files their Answer.

Natural Grocers a/k/a Vitamin Cottage is a multiple location provider of groceries and vitamins operating in multiple states including Wyoming.

# EXHIBIT 2

Plaintiff Kelly James purchased products at Natural Grocers store location at 5116 Frontier Mall Dr. # 400, Cheyenne, Wyoming 82009.

Subject returned checks (6) were forwarded to Quantum by Natural Grocers.

The maker of the checks (copies enclosed) are:

**George R. James**
**Kelly J. James**
███████████████
**Cheyenne, WY  82001-1077**

Subject returned checks ( 6 ) were drawn upon USAA Federal Savings Bank;

Acct. No. ███4704

The returned checks ( NSF ) are as follows:

| Check Date | Amount | Letter Mailed |
|---|---|---|
| 04/13/13 | $330.55 | 05/09/13 |
| 04/17/13 | $269.73 | 05/17/13 |
| 04/25/13 | $394.17 | 05/21/13 |
| 05/02/13 | $157.83 | 05/28/13 |
| 05/05/13 | $132.67 | 05/28/13 |
| 05/08/13 | $80.39 | 06/03/13 |
| TOTAL | $1,365.34 | |

As noted above, letters requesting payment were mailed to defendants for applicable returned checks.

Each of the letters included a photocopy of the check.

Kelly James is the signor on all of the subject checks.

# EXHIBIT 2

2

Per Wyoming statute 1-1-115 Civil Liability for Unpaid Checks, if returned check remains unpaid for a period of 30 days or greater following date of written demand, per Section (b) the holder of the check is liable for (3) times the amount of the check and attorney fees and court costs.

Per Wyoming statute 6-3-701 / Title 6 Crimes and Offenses / Chapter 3

Offenses Against Property / Article 7 Check Fraud

> (a)(ii) "Knowingly issues" means issuing a check to obtain property or to pay a debt with intent to defraud or deceive another person.

Per Wyoming statute 6-3-702 Fraud by Check: penalties

> (a) Any person who knowingly issues a check which is not paid because the drawer has insufficient funds or credit with the drawee has issued a fraudulent check and commits fraud by check.
>
> (b) Fraud by check is:
>
> (iii) a Felony.....if the offender is convicted of fraud by check involving (2) or more checks issued within any (60) day period in the State of Wyoming totaling five hundred dollars ($500.00) or more in the aggregate.
>
> **Wyoming Dishonored Check Law Enclosed**
>
> The plaintiffs George James / Kelly James were committing "Fraud by Check."

**Quantum placed (3) phone calls to Plaintiffs residence.**
**The dates of the calls were 05/09, 05/17, 05/21**
**Proof of call dates are documented by Quantum software notes (copy enclosed)**

**All of the (3) calls went to "voicemail" none were returned by plaintiffs.**

**Quantum has never spoken to either of the plaintiffs.**

**Per line item # 100 the plaintiffs charge Quantum made calls to the plaintiffs and did not disclose the communication was from a debt collector and were attempting to collect a debt.**

**The telephone calls state the following.....I am calling for plaintiffs name(s), my name is ...collector name....I am calling you from Quantum...please return my call to 1-800-840-3725.**



**It is a violation of FDCPA to leave a message on a voicemail identifying the call is from a debt collector.**

**There is " no way " to be certain a voicemail will be retrieved by the consumer and not a " 3rd Party. "**

**The law is intended to protect the privacy of the consumer.**

Quantum received (3) letters from George James stating the following:

**I refuse to pay this debt because I don't know anything about this.**

As noted above a copy of each check was enclosed with the letter(s).

The (3) letters do not request we " cease and desist " collection efforts.

**Per Plaintiffs Exhibit 2 the initial letter was delivered to Quantum by USPS on May 30th, 2013....( 9 ) days after the 3rd phone call.**

**Per Plaintiffs Exhibit 3 the 2nd letter was received by Quantum May 24th, 2013.... ( 3 ) days after the 3rd phone call.**

**All of the following Plaintiffs letters stating they refused to pay were received well after the 3rd and final phone call from Quantum, per USPS Track & Confirm**

Quantum received (2) letters from Kelly James stating the following:

**I refuse to pay this debt because I don't know about the family money.**

Kelly James however was the signor on all (6) checks.

The (2) letters do not request we " cease and desist " collection efforts.

**"cease and desist " does not apply to written communication.**

**As documented above all phone calls to plaintiffs residence were prior to receipt of any letters to Quantum from the plaintiffs**

# EXHIBIT 2

## SUMMARY

It is " obvious " the plaintiffs were committing " Fraud by Check " and as they stated in writing they refused to pay for the returned checks.

The plaintiffs have assumed no responsibility for their actions.

Documentation provided by the Plaintiffs Exhibits 1 thru 10 indicate all correspondence mailed by plaintiffs to Quantum were received after the 3rd and final phone call by Quantum.

The civil action filed by the plaintiffs is a " blatant " attempt to extort money from a collection agency.

Per Quantum's notice to plaintiffs dated Aug. 1st, 2013 upon receiving notice from plaintiffs dated July 29th, 2013 of Notice of Intent to File Lawsuit, I replied (copy enclosed) that Quantum would notify Natural Grocers of the position of the plaintiffs and suggest the legal department of Natural Grocers proceed accordingly.


If the plaintiffs chose to further pursue this frivolous legal action, Quantum Financial Business Services LLC, on behalf of Natural Grocers / Vitamin Cottage will indeed proceed with full enforcement as permitted by law of the Wyoming Dishonored Check Law.

Legal copies of the ( 6 ) subject checks will be forwarded to The Office of the District Attorney, Attn: Dean Jackson at 310 W. 19th St. 2nd Floor, Cheyenne, Wyoming 82001.

# EXHIBIT 2

## **PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendants, Quantum Financial Business Services LLC, d/b/a Quantum Collection Services, LLC, d/b/a Checkrite of Corpus Christi, John and/or Jane Does 1 through 10, pray that upon final hearing hereof, the Plaintiffs, George James and Kelly James, take nothing by their complaint, that the Defendants have judgment that Plaintiffs take nothing, and that Defendants recover their costs and such other and further relief to which it may be justly entitled.

        Respectfully submitted,

        _/s/ Mike McClain_
        Mike McClain
        Quantum Financial Business Services, LLC
        2820 South Padre Island Drive, Suite 205
        Corpus Christi, Texas 78415
        Tel. 1-800-840-3725

# EXHIBIT 2

# Quantum
## Financial Business Services llc

September 12th, 2013

George & Kelly James
███████████
Cheyenne, Wyoming 82001

Subject: Case 13CV165-J

### THIS IS NOT AN ATTEMPT TO COLLECT A DEBT

In response to your letter dated 09/05/2013.

As an LLC, Quantum Financial Business Services LLC is not required to retain Counsel for the purposes of filing an answer with United States District Court / aka United States Federal Court. This statement was verified with the courts this morning !

We have made arrangements to retain counsel in Wyoming, should you decide to further pursue this lawsuit.

Re: Electronic Check Representment / NACHA Rules
None of your ( 6 ) checks were represented therefore this is non applicable !

Should you wish to proceed with your lawsuit, upon notification of a court date I will forward original legal copies of ( 6 ) subject checks to:

Office of the District Attorney
310 W. 19th St. 2nd Floor
Cheyenne, Wyoming 82001

I have spoken to Dean Jackson and he has confirmed your actions are considered a Felony in the State of Wyoming. Mr. Jackson further stated, upon receipt, quote " I will get right on it. "

In closing, on behalf of Quantum Financial Business Services, llc....
we have no intention of any settlement.

Please advise !

*[signature]*
Mike McClain

# EXHIBIT 3

*Tel. 361-993-9370 / Toll Free 1-800-840-3725*
*2820 S. Padre Island Drive Suite 205*
*Corpus Christi, Texas 78415*

# United States District Court
## District of Wyoming

George James,
Kelly James

*Plaintiff(s)*

Civil Action: 13CV165-J

v.

Quantum Financial Business Services, LLC
d/b/a/ Quantum Collection Services, LLC
d/b/a/ Checkrite of Corpus Christi;
   and/or Joan Does 1 through 10

*Defendant(s)*

SUMMONS IN A CIVIL ACTION

Re: Answer / Motion

**PLAINTIFFS' MOTION TO STRIKE PLEADINGS OF AND ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT QUANTUM FINANCIAL BUSINESS SERVICES, LLC.**

**Plaintiffs' claim Defendants Original Answer did not address the alleged violations of FDCPA.**

This is not the case as substantial documentation was included to address the alleged violations.

**Plaintiff's claim Defendants are not allowed to file an answer pro se.**

This is not the case. I have spoken to Cheyenne local counsel who we will retain in the event this case goes to court, and they have assured me that as an LLC we may in fact file an answer pro se.

# EXHIBIT 4

## PRAYER

**WHEREFORE PREMISES CONSIDERED**, Defendants Quantum Financial Business Services, LLC, d/b/a/ Quantum Collection Services, LLC d/b/a/ Checkrite of Corpus Christi, John and/or Jane does 1 through 10, Pray that upon review of Defendant's answer to motion to Strike Pleadings and enter a Default Judgement be declined and Plaintiffs' George James and Kelly James, take nothing by their complaint, that the Defendants have judgment that Plaintiffs' take nothing, and that Defendants recover their costs and such other and further relief to which it may be justly entitled.

Respectfully submitted,

_____
Mike McClain
Quantum Financial Business Services, LLC
2820 South Padre Island Drive, Suite 205
Corpus Christi, Texas 78415
Tel. 1-800-840-3725

# EXHIBIT 4

UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2013 SEP 19 AM 10 42
STEPHAN HARRIS, CLERK
CHEYENNE

GEORGE JAMES and KELLY JAMES,

Plaintiffs,

v.

QUANTUM FINANCIAL BUSINESS SERVICES, LLC d/b/a QUANTUM COLLECTION SERVICES, LLC d/b/a CHECKRITE OF CORPUS CHRISTI,

Defendant.

Case No. 13–CV–165–ABJ

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE PLEADINGS OF AND ENTER A DEFAULT JUDGMENT AGAINST DEFENDANT QUANTUM FINANCIAL BUSINESS SERVICES, LLC

Plaintiffs sued Defendants alleging violations of the Fair Debt Collection Practices Act, Fair Credit Reporting Act, related state statutes, and common law torts. Defendant Quantum Financial Business Services, LLC ("Quantum Financial") has responded to these allegations through Michael T. McClain, an agent of Quantum Financial who is not authorized to practice law before the Court. Plaintiffs have moved to strike Quantum Financial's Answer and for an entry of default judgment against Quantum Financial. The Court grants Plaintiffs' motion in part and denies it in part.



# EXHIBIT 5

- 1 -

## FACTS

Plaintiffs George James and Kelly James are natural persons residing in Cheyenne, Wyoming. They allege that Defendant Quantum Financial Business Services, LLC violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, related Wyoming consumer protection statutes, and state common law torts of invasion of privacy and intentional infliction of emotional distress. Plaintiffs allege that Quantum Financial is a Texas corporation with its principal place of business in Corpus Christi, Texas. Complaint at 3. Plaintiffs filed their complaint on August 6, 2013.

Quantum Financial responded to Plaintiffs' allegations in its Answer filed two weeks later. Michael T. McClain filed Quantum Financial's Answer, but it does not appear anywhere in the Answer that Mr. McClain is authorized to practice law. Docket No. 3. Quantum Financial's Answer does not deny that it is a corporation, but Mr. McClain's filings both indicate that it is a limited liability company, or LLC. Docket Nos. 3 and 5.

Plaintiffs filed the motion that is the subject of this order approximately two weeks after Quantum Financial filed its Answer. Docket No. 4. Quantum Financial, through Michael McClain, responded to Plaintiffs' motion two weeks thereafter alleging that he could litigate on Quantum Financial's behalf. Docket No. 5. Mr. McClain claims that he has spoken with "Cheyenne local counsel" who "assured [him] that as an LLC [he] may in fact file an answer pro se." *Id.* at 1.

## DISCUSSION

"As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing *pro se*." *Harrison v. Wahatoyas, LLC*, 253 F. 552, 556 (10th Cir. 2001); *see Tal v. Hogan*, 453 F.3d 1244

EXHIBIT 5

(10 Cir. 2006). The Supreme Court has stated that "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel." *Rowland v. California Men's Colony*, 506 U.S. 194, 201-202 (1993).

> "[T]he rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney."

*Id.* at 202.

Limited liability companies are a "relatively new business structure" that have some features of corporations and some features of partnerships. *See McNamee v. Department of the Treasury*, 488 F.3d 100, 107 (2nd Cir. 2007). Because both partnerships and corporations must appear through licensed counsel, the logical conclusion is that limited liability companies should appear only through a licensed attorney as well. Some courts allow sole proprietorships to proceed *pro se*, but that is because a sole proprietorship has no legal existence apart from its owner. *See Lattanzio v. COMTA*, 481 F.3d 137, 140 (2nd 2007) (internal citations omitted). However, unlike a sole proprietorship, a limited liability company is a distinct legal entity that is separate from its owner or owners. *Id.*

> An individual is permitted by 28 U.S.C. § 1654 to proceed pro se in a civil case in federal court because he might be unable to afford a lawyer, or a lawyer's fee might be too high relative to the stakes in the case to make litigation worthwhile other than on a pro se basis. . . . But the right to conduct business in a form that confers privileges, such as the limited personal liability of the owners for tort or contract claims against the business, carries with it obligations one of which is to hire a lawyer if you want to sue or defend on behalf of the entity. . . . [The business owners] must take the burdens with the benefits.

*United States v. Hagerman*, 545 F.3d 579, 581-82 (7th Cir. 2008) (internal citations omitted).

According to Mr. McClain's filings, Quantum Financial appears to be a limited liability company. It is unclear what Mr. McClain's position is within Quantum Financial, but nowhere

-3-



has he indicated that he is authorized to practice law. Thus, it appears that Mr. McClain is attempting to litigate before the Court *pro se* on Quantum Financial's behalf; he cannot continue to do so. *See Lattanzio*, 481 F.3d at 140; *Hagerman*, 545 F.3d at 582; *accord Roscoe v. United States*, 134 Fed.Appx. 226, 227 (10th Cir. 2005). The Court therefore orders Quantum Financial to obtain counsel authorized to practice before the Court in order to proceed in this litigation.

Plaintiffs further request the Court to enter a default judgment against Defendant. Entering a default judgment against a litigant is a harsh remedy, and one that a court should not undertake lightly. In this case, Mr. McClain has not surrendered to Plaintiffs' claims. Instead, he has actively responded to Plaintiffs' complaint and motion. Entering a default judgment at this point would smack of injustice. Thus, the Court directs that, if Quantum Financial obtains appropriate counsel, counsel must file an amended answer within thirty (30) days of the entry of this order. If Quantum Financial does not obtain counsel who files an amended answer within that timeframe, then the Court will entertain a renewed motion for default judgment.

## CONCLUSION

The Court hereby **ORDERS** Defendant Quantum Financial Business Services, LLC to obtain counsel authorized to practice before the Court in order to proceed in this litigation. The Court further **GRANTS IN PART** Plaintiffs' motion to strike Quantum Financial's Answer (Docket No. 3) and **DENIES** Plaintiffs' prayer for entry of a default judgment.

Dated this __19th__ day of September, 2013.

ALAN B. JOHNSON
UNITED STATES DISTRICT JUDGE

-4-



EXHIBIT 5