Henry F. Bailey Jr.
Douglas W. Bailey
BAILEY, STOCK & HARMON P.C.
P. O. Box 1557
Cheyenne, WY 82003
Phone: 307/638-7745

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, <br> KELLY JAMES <br><br> Plaintiffs, <br><br> v. <br><br> QUANTUM FINANCIAL BUSINESS SERVICES, LLC d/b/a QUANTUM COLLECTION SERVICES, LLC d/b/a CHECKRITE OF CORPUS CHRISTI; <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 13-CV-218-S <br> ) <br> ) <br> ) <br> ) |

## MOTION TO DISMISS AND/OR TO STRIKE PLAINTIFFS' COMPLAINT

On September 26, 2013 Plaintiffs filed their 27 page, 129 paragraph Complaint against the Defendants. This is the second complaint filed by Plaintiffs against Defendants in the United States District Court for the District of Wyoming.[1] And it is the seventh complaint filed in Wyoming over the past two years, by these Plaintiffs, against various collection agencies and one attorney engaged in a debt collection process.[2]

---

[1] *James et al v. Quantum Financial Business Services, LLC et al.*; Case Number: 2:13-cv-00165-ABJ, Filed 8/6/2013.

[2] (1) *Kelly James vs. Collection Bureau of America*, Circuit Court of Laramie County, CV-2011-0002334, Filed 7/26/2011. (2) *James et al v. Capitol Recoveries Inc.*, U.S. District Court, Wyoming, 2:12-cv-00168-NDF, Filed 8/9/2012. (3) *James et al v. Accelerated Receivables Solutions Inc.*, U.S. District Court, Wyoming, 2:13-cv-00056-CAB, Filed 3/8/2013. (4) *James v. Wadas et al*, U.S. District Court, Wyoming, 2:11-cv-00368-ABJ, Filed 12/8/2011. (5) *James et al v. Stoneleigh Recovery Associates LLC*, U.S. District Court, Wyoming, 2:12-cv-00120-SWS, Filed 6/11/2012.

1

The first 55 paragraphs of the Complaint are not a statement of claim at all, but rather Plaintiffs' summary and interpretation of various statutes, state and federal. The balance of the Complaint incorporates the first 55 paragraphs by reference and then launches into a lengthy and sometimes unintelligible recitation of facts which purportedly constitute violations of the statutes and regulations referred to in the first 55 paragraphs. For good measure, Plaintiffs add "Torts Violations" which are not supported by the current state of Wyoming law.

While it is impossible to discern exactly what Plaintiffs' motivations are in repeatedly filing this type of lawsuit against various individuals and entities, their methods appear to be quite clear and do not comply with the federal rules of pleading.

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "shall contain a short and plain statement of the claim showing that the pleader is entitled to relief."

"[T]he statement should be 'plain' to give the adverse party fair notice of the claim to answer and prepare for trial. The statement should also be 'short' because unnecessary prolixity places an unjustified burden on the court and defendant to determine the relevant issues from a mass of verbiage." *Foster v. Pfizer, Inc.*, 2000 WL 33170897 1(D. Kan. 2000).

The court has discretion to dismiss complaints without prejudice for failure to comply with this requirement. *Allen v. Life Insurance Complaint of North America*, 267 F.R.D. 407, 409 (N.D. Ga. 2009); *Double v. United States*, 149 F. 3d 1190 (10th Cir. 1998), 1998 WL 327747 1.

The purpose of Rule 8 is to achieve *brevity, simplicity, and clarity* in pleadings. *Allen* at 409 (Emphasis added.)

Rule 12(f) of the Federal Rules of Civil Procedure also provides that "the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter."

While motions to strike are generally disfavored because they delay litigation, striking redundant or immaterial clutter from the case serves to expedite and not delay. *Foster* at 2.

Immaterial matter is that which has no essential or important relationship to the claim for relief, *or a statement of unnecessary particulars in connection with that which is material.* *Foster* at 2 (Emphasis in original.) Defendant respectfully suggests Plaintiffs' entire Complaint is a "mass of verbiage" containing page after page of "immaterial matter" and "unnecessary particulars."

Defendant therefore requests the Complaint and all claims for relief therein be dismissed without prejudice, or in the alternative, that the Complaint be stricken, and that Plaintiffs be required to redraft and resubmit a Complaint that complies with Rule 8 of the Federal Rules of Civil Procedure.

Dated this 23rd day of October, 2013.

BAILEY, STOCK & HARMON, P.C.

Henry F. Bailey Jr.
Douglas W. Bailey
221 East 21st Street
P. O. Box 1557
Cheyenne, WY 82003
(307) 638-745

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *Motion to Dismiss and/or to Strike Plaintiffs' Complaint* was served in the manner defined below on October 23, 2013 to the following:

George & Kelly James
3422 Cribbon Avenue
Cheyenne, WY 82001

[ ] Facsimile
[X] U.S. Mail – postage prepaid
[ ] Hand delivery

Henry F. Bailey Jr.