Henry F. Bailey Jr.
Douglas W. Bailey
BAILEY, STOCK & HARMON P.C.
P. O. Box 1557
Cheyenne, WY 82003
Phone:  307/638-7745

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| GEORGE JAMES,<br>KELLY JAMES | ) | |
| | ) | |
| Plaintiffs. | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| QUANTUM FINANCIAL BUSINESS<br>SERVICES, LLC d/b/a QUANTUM<br>COLLECTION SERVICES, LLC d/b/a<br>CHECKRITE OF CORPUS CHRISTI; | )<br>)<br>)<br>) | Case No. 13-CV-218-S |
| | ) | |
| Defendants. | ) | |

## RESPONSE TO REQUEST FOR CLERK'S ENTRY OF DEFAULT OR IN THE ALTERNATIVE TO SET ASIDE ENTRY OF DEFAULT

Defendant hereby responds to Plaintiffs' "Request for Clerk's Entry of Default" as follows:

1.      On September 27, 2013, Plaintiff George James sent and Defendant received the following email:

> "From: George James <gjames1@gmail.com>
> To: quantummcclain@att.net
> Sent: Friday, *September 27*, 2013 8:07 PM
> Subject: next one
>
> Go ahead and answer this one pro se too.
>
> ***WELCOME TO THE PARTY PAL!***"
>
> (Emphasis added.)

1

2.     On October 3, 2013, Defendant received by certified mail the Complaint in the above captioned action.

3.     Counsel for Defendant was notified on October 11, 2013, of the receipt of this Complaint and was forwarded a copy of the September 27, 2013, email, set forth in its entirety above.

4.     On October 23, 2013, Defendant filed and served its Motion to Dismiss and/or Motion to Strike (hereinafter "Motion to Dismiss") the above captioned case at 9:08 a.m. MDT.

5.     According to the Court's electronic filing and notice system, on October 23, 2013, at 1:18 p.m., Plaintiffs filed their Request for Clerk's Entry of Default.

As stated in Defendant's Motion to Dismiss, this appears to be the 7th case filed by these Plaintiffs against various collection agencies and attorneys over the past two years. This is the second case filed against this responding Defendant in recent months. The two pending cases against Quantum appear to be lacking in merit, but given the length of the complaints, including this one, and the rambling detail set forth therein, it is impossible to determine at this point, and without any discovery, whether the claims have any substance to them, or whether these cases are nothing more than some form of litigation 'extortion.' The history of these Plaintiffs with these types of cases gives one pause.

In any event, it is impossible to determine from Plaintiffs' Affidavit and Request when the Summons and Complaint were "deposit[ed] in the United States mail, as *evidenced by the postmark. . . ."* (Emphasis added.) That is of course important because, under W.S. 17-28-104(b)(iii), service is perfected five (5) days after such deposit. In any event, Plaintiffs offer no credible proof as to when the Summons and Complaint were deposited in the United States mail.

If the Summons and Complaint were deposited in the United States mail on September 27, 2013, the date on which Plaintiff George James sent his "Welcome to the Party Pal" email to Defendant, then Defendant's responsive pleading was due on or before October 23, 2013, the date on which the Motion to Dismiss was filed and served.   If the Summons and Complaint were not, for some reason, properly mailed, then service was perfected when Defendant received service on October 3, 2013, establishing a response date of October 24, 2013.

Assuming, though not conceding, that service of the Summons and Complaint was perfected on October 1, 2013, as Plaintiffs assert in their joint Affidavit, then Defendant's responsive pleading was due on October 22, 2013, and the Motion to Dismiss filed the next morning at 9:08 a.m. was 9 hours and 8 minutes late.

Rule 55(a) of the Federal Rules of Civil Procedure provides:

"When a party against whom a judgment for affirmative relief is sought *has failed to plead or otherwise defend*, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." (Emphasis added.)

At the time when Plaintiffs filed their Request, Defendant had already filed and served its Motion to Dismiss, at least by notice received from the electronic filing system. In fact, the Motion to Dismiss was filed and served four hours prior to Plaintiffs filing their Request. So the clerk is not obligated to enter default in this matter.

But if it is determined that the precise wording of the Rule does not absolve Defendant of its possible 9 hour and 8 minute delay in responding to Plaintiffs' Complaint, then in the interest of resolving disputes on the merits and in the exercise of its sound discretion, the Court should do so.

3

Defaults are not looked upon with favor. "[T]his court has long recognized that 'default judgments are not favored in the law' and 'it is preferable that cases be tried on their merits.'" *Rosty v. Skaj*, 272 P.3d 947, 957 (Wyo. 2012). There is a "strong preference" that defaults be avoided and that claims and defenses should be disposed of on their merits. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 2013 WL 5634325 2 (D. Md.).

Among the factors the courts consider when exercising their discretion are the following:

1.  Whether the moving party has a meritorious defense.
2.  Whether the moving party has acted with reasonable promptness.
3.  The personal responsibility of the defaulting party.
4.  The prejudice to the non-moving party.
5.  Whether there is a history of dilatory action.
6.  The availability of less drastic action.

*Id.*

"Relief from a default entry has been granted when the default was due to a mistake by counsel as to the applicable procedural rules or the effect of pre-answer motions on the time within which to answer: the illness of counsel, the client, or an employee; a clerical mistake, confusion, or a misunderstanding by counsel; or defendant's failure to receive service. A Rule 55(c) motion also may be granted whenever the court finds that the default was not the result of gross neglect, that the nondefaulting party will not be substantially prejudiced by the reopening, and the party in default has a meritorious defense.

Although Rule 55(c) motions are frequently granted, this is not always the case. Thus, relief may be denied when the party in default has been grossly negligent or has suffered a default as a result of a willful, intentional act." 10A *Fed. Prac. & Proc. Civ.* § 2696 (3d ed.).

*If* Defendant's response to Plaintiff's Complaint was due on or before October 22, 2013, which is uncertain at this point, then Defendant's failure to file its response was based solely on a lack of information concerning the date on which Plaintiff's Complaint (and perhaps the Summons) were deposited in the United States mail. As the record reflects, Defendant's Motion to Dismiss was filed with "reasonable promptness." There is no history of "dilatory" conduct by

Defendant's counsel. And Plaintiff will not be prejudiced by allowing the case to proceed on its merits.

## CONCLUSION

For all the reasons set forth herein, Defendant objects to the entry of default herein. In the event default has already been entered, Defendant respectfully requests the Entry of Default be set aside.

Dated this 29th day of October, 2013.

BAILEY, STOCK & HARMON, P.C.

Henry F. Bailey Jr.
Douglas W. Bailey
221 East 21st Street
P. O. Box 1557
Cheyenne, WY 82003
(307) 638-745

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **Response to Request for Clerk's Entry of Default or in the Alternative to Set Aside Entry of Default** was served in the manner defined below on October 29, 2013 to the following:

George & Kelly James
3422 Cribbon Avenue
Cheyenne, WY 82001

[ ] Facsimile
[X] U.S. Mail – postage prepaid
[ ] Hand delivery

Henry F. Bailey Jr.

5