Henry F. Bailey Jr.
Douglas W. Bailey
BAILEY, STOCK & HARMON P.C.
P. O. Box 1557
Cheyenne, WY 82003
Phone: 307/638-7745

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES, <br> KELLY JAMES <br><br> Plaintiffs, <br><br> v. <br><br> QUANTUM FINANCIAL BUSINESS SERVICES, LLC d/b/a QUANTUM COLLECTION SERVICES, LLC d/b/a CHECKRITE OF CORPUS CHRISTI; <br><br> Defendants. | Case No. 13-CV-218-J |

## REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND/OR STRIKE PLAINTIFFS' COMPLAINT

Defendant's Motion to Dismiss and/or to Strike Plaintiffs' Complaint is not a dispositive motion and thus there was and is no need for Defendant to submit proposed Findings of Fact and Conclusions of Law. 28 U.S.C. Sec. 636(b)(1)(A); *Martinez v. Martinez*, 2013 WL 4446781 11 (D.N.M.). The motion simply asks for a dismissal *without prejudice* or for the Court to strike Plaintiffs' Complaint and require Plaintiffs to submit a short, plain claim for relief in accordance with Rule 8 of the F.R.C.P.

Additionally, much of Plaintiffs' argument in the brief supporting their Opposition is not germane to Defendant's Motion to Dismiss and/or to Strike the Complaint. For example, paragraphs 15 and 16, discussing damages available under the law, has nothing to do with

1

whether or not the Complaint violates Rule 4 of the F.R.C.P. Defendant's Motion does not go to the merits of Plaintiffs' claims. It is interesting to note, however, that the case law cited by Plaintiffs does not always conform to Plaintiffs' representations of that case law. Plaintiffs assert in paragraph 15 that *Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 307 (2nd Cir. 2003) stands for the proposition that the FDCPA "permits and *encourages*" those who have suffered no loss to bring lawsuits. (Emphasis added.) While it may be true that debtors can bring actions against unscrupulous creditors for violating the FDCPA, even where there are no actual damages, counsel for Defendant can find nothing on page 307 of *Miller* supporting Plaintiffs' assertion that the FDCPA "encourages" lawsuits when there has been no loss. Neither does there appear to be any statement in *Heintz v. Jenkins*, 514 U.S. 291 (1995), that the "FDCPA is *intended to burden debt-collectors* . . ." whether engaged in litigation or not. (Emphasis added.) Plaintiffs' liberality in invoking the case law is perhaps an indication of a corresponding liberality with the facts. Regardless of whether the FDCPA was intended to "burden" debt-collectors, it seems clear by Plaintiffs' litigation tactics that they certainly intend to burden them.

Defendant respectfully renews its request that the Court dismiss without prejudice, or strike, Plaintiff's Complaint.

Dated this 29th day of October, 2013.

BAILEY, STOCK & HARMON, P.C.

Henry F. Bailey Jr.
Douglas W. Bailey
221 East 21st Street
P. O. Box 1557
Cheyenne, WY 82003
(307) 638-745

2

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the **Reply to Plaintiffs' Opposition to Defendant's Motion to Dismiss and/or Strike Plaintiffs' Complaint** was served in the manner defined below on October 29, 2013 to the following:

| | |
|---|---|
| George & Kelly James<br>3422 Cribbon Avenue<br>Cheyenne, WY 82001 | [ ] Facsimile<br>[X] U.S. Mail – postage prepaid<br>[ ] Hand delivery |

_____
Henry F. Bailey Jr.