FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2013 NOV 18  PM 4 23

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| GEORGE JAMES and KELLY JAMES,<br><br>Plaintiffs,<br><br>v.<br><br>QUANTUM FINANCIAL BUSINESS SERVICES, LLC d/b/a QUANTUM COLLECTION SERVICES, LLC d/b/a CHECKRITE OF CORPUS CHRISTI,<br><br>Defendant. | Case No. 2:13–CV–00218–ABJ |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR TO STRIKE

Plaintiffs have filed a complaint under the Fair Debt Collection Practices Act and related state statutes. Defendant has filed a Motion to Dismiss and/or to Strike the complaint. Because the complaint alleges sufficient facts to give rise to a plausible claim for relief, Defendant's motion is DENIED. Plaintiffs' Motion for Entry of Default is also DENIED, and the Court ORDERS briefs on whether this case should be supplemented or consolidated with a sister action Plaintiffs have filed.

## BACKGROUND

On September 26, 2013, Plaintiffs George James and Kelly James ("Plaintiffs") filed the instant complaint. In it, they allege that Defendant Quantum Financial Business Services, LLC

1

("Defendant") is a debt collection agency based in Corpus Christi, Texas. Plaintiffs allege that Defendant violated various provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, violated similar state statutes in Texas and Wyoming, and committed several common law torts. Plaintiffs' allegations stem from conduct that Defendant allegedly engaged in between July 29 and September 19, 2013. Of note, Plaintiffs filed a separate complaint in the District of Wyoming that initiated a similar case against this same Defendant for violation of many of the same statutory provisions, *James et al v. Quantum Financial Business Services, LLC*, 13-CV-00165. Much of the factual basis for Plaintiffs' current claims flows from the proceedings in this separate case. On October 23, 2013, Defendant filed their Motion to Dismiss and/or to Strike, ECF No. 4. On the same day, Plaintiffs filed a Motion for Entry of Default, ECF No. 5.

## STANDARD OF REVIEW

In *Ashcroft v. Iqbal*, the Supreme Court articulated a two-step approach for district courts to use when considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See* 556 U.S. 662, 679 (2009). First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id. Iqbal* clarified that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678.

Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. The Court has stated that "[t]o survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility lies somewhere between possibility and probability; a complaint must establish more than a mere possibility that the defendant acted unlawfully but the complaint does not need to establish that the defendant probably acted unlawfully. *See id.* "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## DISCUSSION

### I. Defendant's Motion to Dismiss

Defendant moves to dismiss, or alternatively to strike, Plaintiffs' Complaint without prejudice. Defendant argues the Complaint should be dismissed because it "launches into a lengthy and sometimes unintelligible recitation of facts which purportedly constitute violations of" the cited statutes and because they have filed several similar complaints against other collection agencies in recent years. Plaintiffs argue that their Complaint is well pled and that filing several Fair Debt Collection Practices Act lawsuits is their statutory right.

While Defendant argues that Plaintiffs' Complaint is overly verbose, Defendant does not identify any claims that are insufficiently pled. Nor does Defendant point to specific paragraphs or pages that it believes need to be stricken. As Defendant noted in its Motion, "[c]ourts generally disfavor motions to strike, however, because they propose a drastic remedy." *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004). To the contrary, the Court's review of the Complaint reveals a detailed complaint that alleges specific conduct by the

Defendant and cites to specific statutory provisions that relate to that conduct. A good example is the Complaint's Paragraph 93.

Paragraph 93 alleges that Defendant violated 15 U.S.C. § 1692e(7), among other subsections, when it mailed a letter to Plaintiffs that implied that the Plaintiffs have committed a crime for which they have not been convicted. To support their allegation, Plaintiffs include the letter which allegedly constitutes the conduct. When assuming the well-pled facts to be true, Plaintiff's complaint alleges sufficient facts to give rise to a plausible claim for relief. Accordingly, Defendant's Motion to Dismiss and/or to Strike, ECF No. 4, is DENIED.

## II. Motion for Entry of Default

Plaintiffs filed a Motion for Entry of Default the same day that Defendant filed its Motion to Dismiss and/or to Strike. For the clerk to enter default, the defending party must have failed to plead or otherwise defend. Fed. R. Civ. P. 55(a). In the instant case, October 22, 2013, was the Defendant's deadline to respond to the Complaint. Defendant responded via the above referenced Motion to Dismiss on October 23, 2013. Plaintiffs do not contend that they were substantially prejudiced by the one day delay in the responsive pleading, and the Court believes that a one day delay is not an appropriate reason to order the clerk to enter a default that would then need to be re-opened. *See Davis v. Parkhill-Goodloe Co.*, 302 F.2d 489, 495 (5th Cir. 1962); *First Am. Bank, N. A. v. United Equity Corp.*, 89 F.R.D. 81, 86 (D.D.C. 1981). Therefore, Plaintiffs' Motion for Entry of Default, ECF No. 5, is DENIED. The Court does note, however, that any future missed deadlines will not be treated with such understanding.

## III. Supplement or Consolidate

The Court thinks some house cleaning may be appropriate in this matter. The instant Complaint involves the same parties and is based on events that flowed from another case before

4

this Court, 13-CV-165. Because the two cases involve the same parties and many of the same legal questions, the Court thinks a Motion to Supplement Plaintiffs' Complaint in 13-CV-165 pursuant to Fed. R. Civ. P. 15(c), and a voluntary dismissal of the instant action, or a Motion to Consolidate the cases under Fed. R. Civ. P. 42(a) is appropriate. Such a motion, or series of motions, would allow Plaintiffs to bring the pleadings in 13-CV-165 up to date and would avoid the cost, delay, and waste of separate cases. *See Weisbord v. Michigan State Univ.*, 495 F. Supp. 1347, 1351 (W.D. Mich. 1980); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 28 (4th Cir. 1963).

It is therefore ORDERED that the parties consider the benefits and costs of these two courses of action (1. Supplement and dismiss, or 2. Consolidate) and either file motions accordingly or otherwise brief the Court as to why neither course of action is appropriate in this situation. Plaintiffs will have 30 days in which to either file the motions or brief this Court as to why neither course of action is appropriate. Defendant will have 14 calendar days from Plaintiffs' filing to respond, and Plaintiffs will have 7 calendar days to reply to Defendant's response.

## CONCLUSION

Defendant's Motion to Dismiss and/or to Strike, ECF No. 4, is DENIED. Plaintiffs' Motion for Entry of Default, ECF No. 5, is DENIED. Further, the Court ORDERS the parties to brief the question of whether or not this case should be supplemented or consolidated with 13-CV-165.

Dated this 18th day of November, 2013.

Alan B. Johnson
United States District Judge